# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-7358 | mgarvey@stblaw.com |

**VIA ECF AND E-MAIL**                                September 23, 2025

        Re:   *Cross Fire & Security Co., Inc. et al v. Alan Doorly et al*,
              Case No. 1:25-cv-04846-KPF

The Honorable Katherine Polk Failla
United States District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Dear Judge Failla:

      Pursuant to the Court's Individual Rule 9.B., we write on behalf of Cross Fire & Security Co., Inc. ("Cross Fire") and North American Fire Holdings, LLC d/b/a Altus Fire & Life Safety ("Altus") (collectively, "Plaintiffs") seeking the Court's approval to seal the Complaint (ECF 1) and leave to file publicly a further redacted version of the Complaint, attached as Exhibit A.  Defendants consent to Plaintiffs' request.

      Plaintiffs received correspondence from Brendan Doorly, Cross Fire co-founder and brother of Defendant Alan Doorly, taking the position that the amount of proceeds he received when Cross Fire was sold is subject to a confidentiality provision in the original transaction documents.  Plaintiffs do not agree.  Nevertheless, to minimize Mr. Doorly's concern, Plaintiffs respectfully request to redact—and remove from the public record—the dollar amount of sale proceeds received by Cross Fire co-founders Brendan Doorly and Kevin Maguire, which appears in two paragraphs of the Complaint.  *See* ECF 1 at 1 (¶ 1), 8 (¶ 34).

      Plaintiffs seek this narrowly tailored redaction to protect information that is commercial.  Such information is not afforded a presumption of public access, especially when it implicates the privacy interests of third parties not before this Court.  *See Tufamerica, Inc. v. Songs of Universal, Inc.*, No. 24-CV-2585, 2025 U.S. Dist. LEXIS 78627, at *5 (S.D.N.Y. Apr. 24, 2025) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017)).  Here, the dollar amounts received by the Cross Fire co-founders are not essential to the adjudication of this case or of value to "those monitoring the federal courts."  *See Under Seal*, 273 F. Supp. 3d at 467 (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006)).  The Complaint included allegations about the 2021 sale as background only.  Plaintiffs do not seek to seal the entire Complaint; but rather seek redaction only of the specific amounts received by the Cross Fire co-founders.  Such information is not necessary for the Court to perform its judicial function or for "the public to understand the activity of the federal courts," including about

Simpson Thacher & Bartlett LLP

Honorable Katherine Polk Failla            -2-            September 23, 2025

this "matter[] of public concern." *Cf. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

Plaintiffs respectfully request to seal the Complaint currently on file at ECF 1 and for leave to file Exhibit A as the public version of the Complaint.

> Respectfully submitted,
> */s/ Michael J. Garvey*
> Michael J. Garvey
> Alison Sher
> Nicole A. Palmadesso
> SIMPSON THACHER & BARTLETT LLP
> 425 Lexington Avenue
> New York, New York 10017
> (212) 455-2000
> mgarvey@stblaw.com
> alison.sher@stblaw.com
> nicole.palmadesso@stblaw.com
>
> *Counsel for Plaintiffs Cross Fire & Security Co., Inc. and North American Fire Holdings, LLC d/b/a Altus Fire & Life Safety*

Enclosure

```
Application GRANTED.  The Court agrees that the proposed redaction is
"narrowly tailored" to preserving the "higher value" of protecting Brendan
Doorly's privacy interest.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d
110, 124 (2d Cir. 2006).  This is especially true because the information
at issue pertains to a third party and is not essential to the
adjudication.  See TufAmerica, Inc. v. Songs of Universal, Inc., No. 24
Civ. 2585 (DEH), 2025 WL 1225210, at *2 (S.D.N.Y. Apr. 24, 2025) (citing
Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017)).

As such, Plaintiffs are hereby directed to file the redacted version of
the Complaint on the docket, along with all attachments currently filed at
docket entry 1.

The Clerk of Court is directed to seal docket entry 1, including exhibits,
and to terminate the pending motion at docket entry 28.

Dated:      September 24, 2025          SO ORDERED.
            New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE