# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-7226 | alison.sher@stblaw.com |

**VIA ECF AND E-MAIL**                                             October 30, 2025

               Re:    *Cross Fire & Security Co., Inc. et al v. Alan Doorly et al*,
                     Case No. 1:25-cv-04846-KPF

The Honorable Katherine Polk Failla
United States District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



MEMO ENDORSED

Dear Judge Failla:

      We write on behalf of Cross Fire & Security Co., Inc. ("Cross Fire") and North American Fire Holdings, LLC d/b/a Altus Fire & Life Safety ("Altus") (collectively, "Plaintiffs") in response to Defendants' October 29, 2025 letter (ECF 38). Defendants' letter to the Court was premature. Plaintiffs do not object to Defendants' request, first raised less than 3.5 hours before Defendants' letter to the Court, to "add a request for limited jurisdictional discovery" in their forthcoming motion. Plaintiffs oppose any request for jurisdictional discovery beyond what has already been provided to Defendants. We will set forth the grounds for our opposition of any further "jurisdictional discovery" as necessary in our upcoming opposition brief.

      Defendants' letter is also disingenuous. Among other things, it is premised on the assertion that Defendants "recently became aware of a forum selection clause" in the limited partnership agreement ("Partnership Agreement") of North American Fire Ultimate Holdings, LP ("North American"), Plaintiffs' former owner, and indicates that Defendants now believe this forum selection clause somehow weighs in favor of this Court abstaining from addressing certain of Plaintiffs' statutory and tort claims in New York. Defendants have known about the Partnership Agreement, specifically including its forum selection clause, for years. The Partnership Agreement was publicly filed as an exhibit to North American's opposition to Doorly's motion to dismiss in the Delaware contract action on April 30, 2024 because Doorly was claiming the exact opposite of what he is now claiming here: that the forum selection clauses were inapplicable to tort claims arising from Doorly's pre- and post-termination misconduct, and the Delaware court lacked jurisdiction over those tort claims. *See North American v. Doorly* (Del. Ch. Case No. 2024-0023-KSJM) at Transaction ID 72865855 (Exhibit L, Partnership Agreement).

      In Doorly's Delaware brief in support of his motion to dismiss the tort claims in that case, which was filed by his same defense counsel in this matter, Doorly took the position that

Simpson Thacher & Bartlett LLP

Honorable Katherine Polk Failla    -2-    October 30, 2025

the forum selection provision in the Partnership Agreement—as well as the forum selection provision in other documents Defendants are now seeking as if they do not already possess them—did *not* apply to North American's tort claim challenging Doorly's misconduct because the tort claim "arises independently of the Incentive Agreement and partnership agreement and personal jurisdiction [in Delaware] is lacking as to it." *See id.* at Transaction ID 72686266 (Opening Br. at 23). According to Doorly's Delaware reply brief, the Partnership Agreement's forum selection clause is merely "intended to encompass disputes concerning the internal affairs and business of the partnership itself, ***not independent tort claims alleged against an employee***." *Id.* at Transaction ID 73058465 (Reply Br. at 23) (emphasis added). Here, Defendants now intend to advance the contrary position—that the forum selection provisions in these documents *do* apply to tort claims against Doorly and somehow mandate a Delaware forum rather than New York. This is procedural gamesmanship.

Yesterday, Plaintiffs voluntarily produced in response to Defendants' request organizational documents and agreements referenced in the Complaint.[1] We hope our production moots this issue. In the event Defendants nevertheless seek additional "jurisdictional discovery" in their October 31 motion, Plaintiffs will oppose the request on the merits as part of their opposition.

    Respectfully submitted,
    */s/ Alison Sher*
    Michael J. Garvey
    Alison Sher
    Nicole A. Palmadesso
    SIMPSON THACHER & BARTLETT LLP
    425 Lexington Avenue
    New York, New York 10017
    (212) 455-2000
    mgarvey@stblaw.com
    alison.sher@stblaw.com
    nicole.palmadesso@stblaw.com

    *Counsel for Plaintiffs Cross Fire & Security Co., Inc. and North American Fire Holdings, LLC d/b/a Altus Fire & Life Safety*

---

[1] Defendants' October 10 letter seeks 7 categories of documents, 6 of which ask for documents that were either publicly filed in the Delaware action or *this action*; and/or were emailed from Doorly to his personal gmail account or from Neil to his wife's email account.

The Court has received Defendants' request for leave to seek limited jurisdictional discovery (Dkt. #38), as well as Plaintiffs' above response (Dkt. #39). The Court is troubled by Defendants' representation that they "recently became aware of a forum selection clause" (Dkt. #38) given that they were clearly aware of -- and litigated -- the forum selection clause in the Delaware litigation.

That said, the Court believes that limited jurisdictional discovery on the forum selection clause would be useful in this case. (It seems that only one category of requested documents remains outstanding. (*See* Dkt. #39 at 2 n.1)). Therefore, Defendants' request to seek limited jurisdictional discovery is GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 38.

Dated:      November 5, 2025            SO ORDERED.
            New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE