# RAKOWER LAW · PLLC

October 31, 2025

**VIA ECF AND E-MAIL**
(Failla_NYSDChambers@nysd.uscourts.gov)



The Honorable Katherine Polk Failla
United States District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

        Re:    *Cross Fire & Security Co., Inc. et ano v. Alan Doorly et seq.,*
               Case No. 1:25-cv-04846-KPF

Dear Judge Failla:

      In connection with the above-referenced action, enclosed please find the parties' proposed ESI protocol, titled Joint Production Protocol for Documents and Electronically Stored Information. Unfortunately, the parties have not reached agreement on a joint proposed protective order. Accordingly, defendants Alan Doorly, Chris Neil, and Empire Fire Alarm Specialist Co., Inc. (collectively, "Defendants") respectfully submit this letter to explain the parties' disagreement and to enclose for the Court's consideration Defendants' proposed protective order and a redline tracking the differences between Defendants' and Plaintiffs' proposed orders.

      Defendants believe that most documents in this litigation will not require confidential treatment and that none will require attorneys' eyes only ("AEO") treatment. Plaintiffs, in contrast, seek protocols that will enable them to designate broadly documents not just as confidential but also as AEO. Such protocols would likely yield gross over-designations and then impose an unreasonable burden of challenging those designations on the non-designating party. As a conciliatory measure, Defendants are willing to accept provisions that may encourage overuse of confidential designations because the risk of harm is not great. However, Defendants cannot accept anything but the most limited right to AEO designations because overuse of AEO designations will compromise Defendants' ability to defend themselves.

      In discussions, Plaintiffs have reflexively asserted a need for AEO protection because this is a "trade secrets" case. But this is not a trade secrets case in the truest sense in that Plaintiffs allege that the subject industry—the installation and maintenance of fire and life safety systems—is relationship driven. ECF 33 (Compl.), ¶ 25. They also acknowledge that Neil and Doorly worked for Cross Fire for, collectively, nearly 50 years, and that they held pivotal positions at the company that gave them direct visibility into every aspect of the business. *Id.*, ¶¶ 28-32.

      Critically, this case is anchored in the core allegation that Defendants capitalized on confidential information they stole from Plaintiffs. Plaintiffs do not need to conceal from Defendants the information Defendants already allegedly possess. Having been lambasted in a

October 31, 2025
Hon. Katherine Polk Failla
Page **2** of **3**

public document as thieves and reprobates, Defendants should not be denied access to the information that Plaintiffs rely upon to support their claims.

Further, in their interrogatory responses, Defendants have identified documents they retained following their departure from Plaintiffs' employ. Hence, based on Plaintiffs' allegations and Defendants' disclosures, Plaintiffs have a concrete understanding of the "secret" information that is known to Defendants. The need for trade secret protection arises only to the extent that Plaintiffs anticipate producing documents bearing trade secrets that exceed what is already known to Defendants. Defendants lack an understanding as to what those documents might be, and conversions with Plaintiffs have not provided clarity.

If, on the margins, Plaintiffs read certain of Defendants' document requests so broadly as to necessitate the disclosure of information that would be properly designated as AEO, Defendants will either agree to limit those requests or enter into a workaround tailored to that particular need. And if the parties cannot reach agreement on a tailored solution, they may turn to the Court for assistance. Defendants' proposed protective order provides for just such a procedure, and it is consistent with the procedure set forth in model protective orders used throughout this District.[1] In contrast, Plaintiffs have written into their proposed protective order industrialized piping that would enable them to over-designate by gross proportions documents as AEO and then put the onus on Defendants to oppose those designations. This puts a needless burden on Defendants, a burden that will impose costs and will delay by weeks their opportunity to review documents relevant to their defense.

Rather than a procedure that invites widespread AEO designations, Defendants' proposed protective order is the wiser course because it conforms to the unique needs of *this* case and it balances the potential need for AEO treatment of specific documents against the risk of harm arising from the over-designation of documents. It also takes into account the fact that AEO treatment is an extraordinary remedy whose need here is not presently foreseeable.

We are aware that Plaintiffs take issue with certain of our other objections to their proposed protective order, such as our refusal to include a requirement that the parties destroy all discovery materials at the conclusion of this case. It is clear to Defendants that Plaintiffs know few boundaries, having commenced one case in Delaware and a sprawling action in New York. Defendants cannot know whether discovery materials obtained here will prove to be useful in another action, but they are, at this point, once bitten twice shy. By commencing a litigation and then demanding Defendants destroy materials obtained in that litigation, Plaintiffs seek to require a right that the Federal Rules of Civil Procedure do not require. Defendants do not acquiesce.[2]

---

[1] *See e.g.*, SDNY Model Protective Orders for District Judges Gardephe ¶ 13 (stating AEO designation appropriate only in "extraordinary circumstances" based upon a showing of particular grounds as to each document and, if the parties cannot agree, then the dispute must be raised with the Court), Garnett ¶ 7 (same), Halpern ¶ 13 (same), Oetken ¶ 9 (same), Rakoff ¶ 8 (same), Rearden ¶ 10 (same), and Liman ¶ 9 (same).

[2] In a motion that will be filed today, Defendants will show that Plaintiffs elected to sue in court rather than to pursue their grievances through a contractual right to arbitrate.

October 31, 2025
Hon. Katherine Polk Failla
Page **3** of **3**

                                                                                Respectfully submitted,

                                                                                /s/ Michael C. Rakower

                                                                                Michael C. Rakower

Enclosures (3)

cc:      All Counsel of Record (via ECF)

The Court has reviewed Plaintiffs' letter and proposed protective order (Dkt. #40, 40-1), Defendants' above letter response and alternative proposed protective order (Dkt. #41, 41-2), and the parties' joint proposed ESI protocol (Dkt. #41-1).

Regarding the proposed protective orders, the Court understands that there are three disputes: (i) whether any material in this matter may be designated as Attorneys' Eyes Only ("AEO"); (ii) the procedure for designating material as AEO; and (iii) how AEO and confidential material may be used and whether it must be destroyed after this litigation.  In short, the Court agrees with Plaintiffs on points (i) and (iii) and Defendants on point (ii).

On the first dispute, the Court recognizes that there are certain documents that may be deemed trade secrets or confidential research, development, or commercial information in this matter.  (Dkt. #40 at 1-2).  Plaintiffs are justified in wanting those documents to be designated AEO.  *See Quotron Sys., Inc.* v. *Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992).

At the same time, the Court agrees with Defendants that most documents produced will not require confidential or AEO treatment given that this is not a traditional trade secrets case.  (Dkt. #41 at 1).  As such, the Court agrees with Defendants on the second dispute.  The procedure adopted by sister courts in this district is preferable to the more permissive procedure that Plaintiffs propose.  (*Compare id.* at 2 & n.1, *with* Dkt. #40 at 2).

On the third dispute, the Court echoes Plaintiffs' concerns (*see* Dkt. #40 at 2), especially given the allegations in this case.  As such, the Court adopts the view that Confidential and AEO discovery material may be used solely for the prosecution and defense of this action and that such material must be returned or destroyed within 30 days of the final disposition of this action.

The Court will enter the parties' ESI protocol under separate cover.  The parties are directed to re-file a proposed protective order that is consistent with this endorsement on or before **November 13, 2025.**

The Clerk of Court is directed to terminate the pending motions at docket entries 40 and 41.

Dated:     November 6, 2025           SO ORDERED.
           New York, New York

                                      *[signature: Katherine Polk Failla]*

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE