**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CROSS FIRE & SECURITY CO., INC. AND
NORTH AMERICAN FIRE HOLDINGS, LLC
D/B/A ALTUS FIRE & LIFE SAFETY,

                              Plaintiffs,

v.

ALAN DOORLY; CHRIS NEIL; AND EMPIRE
FIRE ALARM SPECIALIST CO INC.,

                              Defendants.

Civil Action No. 25-cv-04846-KPF

**JOINT PRODUCTION
PROTOCOL FOR
DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION**

**JOINT PRODUCTION PROTOCOL FOR**
**DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Plaintiffs Cross Fire & Security Co., Inc. ("Cross Fire") and North American Fire Holdings,

LLC d/b/a Altus Fire & Life Safety ("Altus") (collectively "Plaintiffs") and Defendants Alan

Doorly ("Doorly"), Chris Neil ("Neil"), and Empire Fire Alarm Specialist Co Inc. ("Empire Fire")

(collectively "Defendants") hereby stipulate and agree, by and through their undersigned counsel,

that this Joint Production Protocol (the "Protocol") shall govern the production of documents,

testimony, exhibits, electronically stored information ("ESI") and any other materials and

information (including any copies or summaries thereof) produced by the Parties during discovery

in the above-captioned action (the "Action").

## DEFINITIONS

1.      "Electronically stored information" or "ESI" includes documents and data from all

electronic sources, including computers, smartphones and other mobile devices, flash drives and

the like, network and shared drives, and cloud storage, and includes email, chats, text and instant

messages (regardless of whether transmitted through SMS or through applications like iMessage, Slack, Teams, WhatsApp, Telegram, or similar applications).

2.      "Issuing Party" means any Party that issues a non-Party subpoena.

3.      "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.  Metadata is a subset of ESI.

4.      "Native File(s)" means ESI in the electronic format of the application in which such ESI is created, viewed, and/or modified in the ordinary course of business.  Native Files are a subset of ESI.

5.      "Party" or "Parties" mean Plaintiffs or Defendants or any one of them.

6.      "Producing Party" means any Party or Third Party to this Action who produces documents or ESI pursuant to any discovery request, subpoena, or otherwise.

7.      "Receiving Party" means any Party or Third Party to this Action who receives the protections provided by this Protocol.

8.      "Requesting Party" means any Party or Third Party to this Action who requests the protections provided by this Protocol.

9.      "Third Party" means any person or entity that is served with a subpoena pursuant to Federal Rule of Civil Procedure 45.

## **GENERAL PROTOCOLS**

1.      **Applicability.**  Unless otherwise agreed to by the Parties, this Protocol governs the production of documents and information in this Action.  Nothing in this Protocol is intended to

2

conflict with or alter a Party's rights, obligations, and responsibilities under the applicable Federal Rules of Civil Procedure, applicable decisional authority, or any Protective Order entered in this Action.  The Parties reserve all objections under the Federal Rules of Civil Procedure and applicable decisional authority for matters relating to the production of data that are not specifically addressed in this Protocol.  By agreeing to this Protocol, the Parties do not admit that any ESI or other documents produced under its terms are relevant or admissible in this action or in any other litigation.  The provisions set forth herein shall govern document productions only by the Parties, their predecessors, successors, affiliates, subsidiaries or divisions thereof, and their current or former officers, directors, employees, agents and attorneys, and any person acting or purporting to act on behalf of one or more of any of the foregoing, subject to the requirements to request compliance with this Protocol by any Third Parties set forth in Paragraph 20.

2.    **Good Faith Resolution of Disputes.**  The Parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Protocol.  No Party may seek relief from the Court concerning compliance with this Protocol unless it has conferred in good faith with the affected Parties.

3.    **Privilege.**  The Parties and their attorneys do not intend by this Protocol to waive their rights to any protection or privilege, including but not limited to the attorney-client privilege and the work-product doctrine.  All objections to the discoverability or admissibility of any documents or ESI are preserved and may be asserted at any time.

4.    **Redactions.**  Any producing Party may use redactions to protect attorney-client, attorney work product privileges, personally identifying information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft), or other information as agreed by the Parties or ordered by the Court.  No native ESI items

will be produced for redacted items, except when producing redacted images is not technically reasonable. The image for a document produced in redacted form will bear a label identifying the redacted area of the document. For redacted items which were originally ESI, unaffected, non-privileged metadata fields will be provided.

5. **Privilege Logs.** For ESI or documents entirely withheld from production pursuant to a claim of attorney-client privilege, work product protection, or PII, the designating Party shall produce one or more privilege logs in Excel or a similar electronic form that allows text searching and organization of data. Privilege logs will be produced within 30 days following the production of the documents from which the privileged documents are withheld unless otherwise agreed by the Parties, and in no event more than 30 days prior to the close of fact discovery. The log will contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (1) the name(s) of the person(s) who created and received the document or a copy of it; (2) the date on which the document was sent and/or last modified; (3) a description of the nature of the document sufficient to enable the receiving Party to assess the applicability of the privilege or protection; and (4) the privilege(s) claimed.

6. **Litigation Holds and Preservation.** The Parties shall preserve all documents, communications, and information potentially relevant to this action in its original form. If, during its document collection efforts, a Party learns that responsive ESI that once existed was lost, destroyed, is no longer retrievable, or has been altered in any way, the Producing Party shall explain, to the extent that the information is reasonably available, where and when the ESI was last retrievable in its original format. Notwithstanding the foregoing, Parties shall not be obligated

under this Protocol to produce or disclose deleted ESI prior to the date a litigation hold was actually, or was required to be, put into effect, whichever first occurs.

7.    **Unitizing Documents**.  Subject to the limitations set forth below, in producing documents (including ESI) and communications, the Parties will undertake reasonable efforts to unitize documents to reflect their physical organization.  For example, documents stored in a binder, folder, or similar container (each a "container") should be produced in the same order as they appear in the container.  The front cover of the container should be produced immediately before the first responsive document in the container.  The back cover of the container should be produced immediately after the last responsive document in the container.  Nothing in this paragraph shall require the Parties to undertake efforts to unitize documents that would be unduly burdensome.  The Parties agree to meet and confer to address situations in which a Party believes that documents have not been properly unitized.

8.    **Bates Numbering.**  All documents produced in response to a discovery request should be identified with a unique bates number on each page that:  (1) must be unique across the entire document production; (2) must maintain a constant length (zero/0-padded) across the entire production; (3) must contain no special characters or embedded spaces, only dashes (-) and underscores (_) may be used (for example, ABC_00000001); (4) must be sequential within a given document; (5) must not obscure any part of the underlying image; and (6) must, to the extent possible, be oriented in the same manner as the majority of the text on the page.

## PRODUCTION OF ESI

9.    **Applicability.**  The procedures and protocols set forth in this Protocol shall govern the production of ESI in this matter, unless the Parties agree in writing to change them or they are

changed by the Court at the request of a Party.  To the extent that Third Parties may produce documents in this case, the Parties agree to request that such Third Parties adopt this Protocol.

10.    **General Requirements.**  ESI should be produced in such fashion as to identify the location (*i.e.*, the network file folder, hard drive, back-up tape or other location) where the documents are stored and, where applicable, the natural person in whose possession they were found (or on whose hardware device they reside or are stored).  If the storage location was a file share or work group folder, that should be specified as well.  Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits.

11.    **Formatting Requirements.**  For standard documents, emails, and presentations originating in <u>electronic form</u>, documents should be produced as TIFF images using the same specifications that applies to documents that originated in paper format with the following exceptions:

  a.  Provide a delimited text file containing the extracted metadata fields set forth in **Appendix 1** where they exist in the file being produced.

  b.  Extracted full text (not OCR text) should also be delivered for each electronic Document.  The extracted full text should be delivered on a Document level according to the specifications above similar to paper documents.

  c.  Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the Documents' original language.

  d.  All spreadsheets and presentation files such as PowerPoint should be produced in their <u>native format</u> and in the order that they were stored in the ordinary course of business (*e.g.*, emails that attach spreadsheets should not be separated

from each other and should be linked using the Attachment Range fields set forth in **Appendix 2**). The file name should match the Bates number assigned to the file. The extractable metadata and text should be produced in the same manner as other documents that originated in electronic form. The Parties may agree to a future protocol governing the use and format of documents produced pursuant to this paragraph at depositions, hearings, and trial (such as converting to TIFF/JPEG/JPG images in accordance with this Protocol).

e. Upon review of the documents produced, the Requesting Party may ask for certain other documents and/or databases that were initially produced in their petrified (TIFF/JPEG/JPG or PDF) format to be produced in their native format, pursuant to Paragraph 14.

12. **Data Load Files**. Documents shall be provided with: (a) a delimited data file (dat, .csv, or .txt) [Unicode] and (b) an image load file (.lfp, .opt, or .dii) as detailed in Appendix 1. Nothing in this Protocol will limit the Parties from discussing load file changes throughout the course of the litigation.

13. **Metadata Fields and Processing**. Any of the Metadata subject to disclosure pursuant to a discovery request that can be reasonably extracted from a document will be produced for that document pursuant to **Appendix 1**. If either of the parties becomes aware of a problem extracting Metadata or any other problem with the Metadata fields or processing, the Party who becomes aware of the problem must notify the other Party and meet and confer with the other Party to arrive at a mutually acceptable resolution to the issue. The Parties are not obligated to populate manually any fields that cannot be extracted from a document.

14.     **Native File Productions.**  Any Native files that are produced must be produced with applicable Metadata fields set forth in **Appendix 2**.  The parties will produce all Microsoft Excel and any audio or video files as Native files, unless redacted.  If production in Native format is necessary to decipher the meaning, context, or content of a document produced in TIFF, the producing Party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of the document in Native format.  In such circumstances, the Requesting Party will submit a list of Bates numbers identifying the relevant Documents to be produced in their native formats.  Those Documents should be produced in their unaltered native format with an accompanying text delimited text file that contains the fields set forth in **Appendix 2**.

15.     **Password Protected Native Files**.  The Producing Party shall produce passwords for any password-protected files to the extent the passwords are reasonably available or, alternatively, the Producing Party will take reasonable steps to provide a non-password protected replacement file for any responsive non-privileged documents.

16.     **Tracked Changes and Comments**.  To the extent practicable, documents that contain tracked changes or comments will be produced with the tracked changes and comments appearing on the image.  A Receiving Party can request a reasonable number of the native versions of such documents consistent with Paragraph 14 and the Producing Party's rights to withhold privileged material.  To the extent practicable, documents containing track changes or comments will include metadata that indicates that the document contains tracked changes or comments.

17.     **Hyperlinks**. Document(s) that are hyperlinked inside a responsive document (including hyperlinked inside emails) within a Producing Party's custody, possession, or control, do not need to be produced in the first instance as part of the same family group as the document

8

residing at the location to which that hyperlink points. A Requesting Party may submit a reasonable and proportional number of potentially relevant hyperlinks contained within produced documents to a particular Producing Party by identifying the Bates number and URL or link text for each requested link. The Producing Party will engage in reasonable and proportional efforts to locate existing hyperlinked documents at that location (even if the location of such hyperlinked document is a non-custodial source or possessed by a custodian whose documents have not been designated for collection) and either identify it by Bates number or produce responsive, non-produced, and non-privileged documents. The number of hyperlinks a Requesting Party may identify to a Producing Party shall not be excessive and shall be reasonable, proportional to the needs of the case, and not unduly burdensome. Notwithstanding the foregoing, nothing herein shall relieve a Party from its obligation pursuant to Rule 26 and 34 to search for relevant, responsive information.

18.      **Deduplication and Email Threading**. Documents should be deduplicated at the family-group level provided that the Producing Party identifies the additional custodians in an Additional Custodian field. The Parties may utilize email threading analytics tools to exclude duplicative or "non-inclusive" content wholly contained within later-in-time or "inclusive" email threads, provided that the Producing Party treats all emails that have unique substantive content as inclusive emails that will not be excluded from production, including emails containing attachments that appear in earlier-in-time iterations of a thread.

19.      **Production of Databases and Other Structured Data.** The Parties shall produce structured data ESI in a reasonable, proportional, and reasonably useable format that does not degrade the usefulness of the data to the extent reasonably possible. Should a Receiving Party

object to the way structured data has been produced, the Parties will meet and confer regarding the alleged deficiencies in the structured data production.

20.    **Processing of Third-Party Documents.**  A Party that issues a non-Party subpoena ("Issuing Party") shall include a copy of this Protocol as an attachment to the subpoena and request that the non-Party produce documents in accordance with the specifications set forth herein.  The Issuing Party may request that the non-Party simultaneously produce documents to the Issuing Party and all other Parties.  If the non-Party produces documents only to the Issuing Party, to the extent practical given the data volume, productions by a non-Party should be produced by the Issuing Party to all other Parties within five (5) business days.  The Issuing Party shall have no obligation to convert non-Party document productions to the format defined in this Protocol. Notwithstanding the foregoing, if a non-Party produces documents without production Bates numbers, the Issuing Party shall, if reasonably practicable, apply Bates numbers to that production and re-issue it to the Parties in Bates-numbered form within eight (8) business days.  Nothing in this Protocol is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or non-parties to object to a subpoena.

## <u>PRODUCTION OF HARD-COPY INFORMATION</u>

21.    For documents or communications that have originated in <u>paper format</u>, the following specifications should be used for their production:

     a.  Black and white images should be produced as single page TIFF group IV format imaged at 300dpi.

     b.  Color images should be produced as single-page JPEG/JPG at 300dpi.

     c.  Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for

example, ABC00000001). The filename must not contain any special characters, only dashes (-) and underscores (_) may be used (for example, ABC_00000001).

d.    Images must be endorsed with sequential Bates numbers in the lower right corner of each image.

e.    The preferred means of producing documents is via secure FTP or secure file share. However, documents may also be provided via CD, DVD or External USB hard drives if the size of the production exceeds the size limitations applicable to the Producing Party's secure FTP or file share or as otherwise agreed by the Parties. To the extent possible, physical media should be write-protected and encrypted before it is produced.

f.    Each media volume should have its own unique name and a consistent naming convention (for example, ZZZ001 or SMITH001).

g.    The number of TIFF/JPEG/JPG files per folder should not exceed 1,000 files.

h.    Each delivery should be accompanied by an IPRO LFP or Concordance OPT image cross reference load file that contains document breaks. Only one image cross reference load file should be provided for each media volume.

i.    A DAT (delimited text) file that contains available fielded data should also be included and at a minimum include Beginning Bates Number, Ending Bates Number, Custodian and Number of Pages.

j.    The DAT file must use the following Concordance® default delimiters:

Comma  = ASCII character (020)

Quote þ = ASCII character (254)

Multi-entry ; = ASCII character (059)

New Line ® = ASCII character (0174)

k. Documents should be text searchable (*i.e.*, they should be run through an Optical Character Recognition (OCR) Software) and the full text should also be delivered for each document. Text should be delivered on a document level in an appropriately formatted text file (.txt) that is named to match the first Bates number of the document.  Text files should be ASCII/ANSI.

l. The full path to the text file should be included in the .DAT file.

m. Text should be stored on the same storage device as the TIFF/JPEG/JPG images in a folder named "TEXT" with the same folder structure as the images.


Dated:  October 30, 2025

SIMPSON THACHER & BARTLETT LLP              RAKOWER LAW PLLC


By:  */s/ Alison Sher*                                    By:  */s/ Michael C. Rakower*
    Michael J. Garvey                                   Michael C. Rakower
    Alison Sher                                         Travis J. Mock
    Nicole A. Palmadesso                                Daniel F. Gilpin
    425 Lexington Avenue                                260 Madison Avenue, 15th Fl.
    New York, NY 10017-3954                             New York, NY 10016
    (212) 455-2000                                      (212) 660-5550
    mgarvey@stblaw.com                                  mrakower@rakowerlaw.com
    alison.sher@stblaw.com                              tmock@rakowerlaw.com
    nicole.palmadesso@stblaw.com                        dgilpin@rakowerlaw.com

*Attorneys for Plaintiffs Cross Fire & Security*          *Attorneys for Defendants Alan Doorly, Chris Neil,*
*Co., Inc. and North American Fire Holdings,*             *and Empire Fire Alarm Specialist Co Inc.*
*LLC d/b/a Altus Fire & Life Safety*

# APPENDIX 1

**Metadata Load Files**

1.      Pursuant to Paragraph 11 of this Protocol, documents originating in <u>electronic form</u>, documents should be produced as TIFF images using the same specifications that applies to documents that originated in paper format subject to certain exceptions set forth in Paragraph 11. With respect to ESI, the Producing Party shall provide a delimited text file containing the extracted metadata fields set forth below where they exist in the file being produced:

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email/Text Messages* |
|---|---|---|---|---|
| ProdBeg | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach* | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach* | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian* | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted for the document | Any confidentiality designation asserted for the document |
| Folder | Text | | File path/folder structure for the original native file as it existed in the ordinary course of business | File path/folder structure for the original native file as it existed in the ordinary course of business. Should include full path and folder locations of |

| Field | Data Type | Paper | Native Files & Email Attachments | Email/Text Messages |
|---|---|---|---|---|
| | | | | email container files such as PST and NSF and the internal path of the email within those files |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
| Author | Text - paragraph | | Document author from metadata | |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| MD5 Hash | Text | | Either MD5 or SHA-1 Hash Value of document | Either MD5 or SHA-1 Hash Value of document |
| Date_LastMod | Date/Time (mm/dd/yyy y) | | Date file was last modified | |
| Date_Created | Date/Time (mm/dd/yyy y) | | Date file was created | |
| Date_Sent* | Date (mm/dd/yyy y) | | | Date message sent |
| Time_Sent* | Time (hh:mm:ss) | | | Time message sent |
| Date_Rcvd* | Date (mm/dd/yyy y) | | | Date message received |
| Time_Rcvd* | Time (hh:mm:ss) | | | Time message received |
| From* | Text - paragraph | | | Sender of message |

| Field | Data Type | Paper | Native Files & Email Attachments | Email/Text Messages |
|---|---|---|---|---|
| | | | | |
| To* | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC* | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC* | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject* | Text - paragraph | | | Subject of message |
| Title | Text - paragraph | | Title from document metadata | |
| Time Zone Field | Text | | Time Zone used to process data | Time Zone used to process data |
| Has Hidden Content[1] | Text | | Y if hidden content, otherwise N or empty | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| Redacted* | Text | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" |
| Chat_ThreadID or Conversation Index | Text | | | Metadata fields (or their functional equivalent) necessary to facilitate the |

---

[1]     "Hidden Content" for purposes of this field shall include track changes, comments, hidden slides, hidden columns, hidden worksheets, or other hidden text.  The field "Has Hidden Content" will be populated to the extent practicable.

| Field | Data Type | Paper | Native Files & Email Attachments | Email/Text Messages |
|---|---|---|---|---|
| | | | | reconstitution of email and, especially, text message threads produced as individual messages |

\* Denotes minimum required fields of metadata.

2.    Data for documents shall be produced in only one data load file throughout the productions, unless that document is clearly noted as being a replacement document or if supplemental custodian information is provided.

3.    Metadata fields that are not applicable to a document shall still be populated in the data load file with Empty Values, *e.g.*, *þþþþ*, etc.;

4.    Load files shall ***not*** span across media (*e.g.*, CDs, DVDs, hard drives, *etc.*); a separate volume shall be created for each piece of media delivered;

5.    The name of the metadata load file shall mirror the name of the delivery volume, and shall have a .dat, .csv or .txt extension (*i.e.*, ABC001.dat); and

6.    The volume names shall be consecutive (*i.e.*, ABC001, ABC002, *et seq.*).

## APPENDIX 2

**Metadata for Documents and Communications Produced in a Native Format**

      1.      Pursuant to Paragraph 14, any native files that are produced in this Action must be produced with applicable Metadata fields set forth below:

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email/Text Messages* |
|---|---|---|---|---|
| ProdBeg | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Company | Text - paragraph | | Document company or organization from metadata | |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted for the document | Any confidentiality designation asserted for the document |
| Folder | Text | | File path/folder structure for the original native file as it existed in the ordinary course of business | File path/folder structure for the original native file as it existed in the ordinary course of business. Should include full path and folder locations of email container files such as PST and NSF and the internal path |

| Field | Data Type | Paper | Native Files & Email Attachments | Email/Text Messages |
|-------|-----------|-------|----------------------------------|---------------------|
| | | | | of the email within those files |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
| FileExtension | Text | | Extension of original file | Extension of original file |
| MD5 Hash | Text | | Either MD5 or SHA-1 Hash Value of document | Either MD5 or SHA-1 Hash Value of document |
| Date_LastMod | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Date_Created | Date/Time (mm/dd/yyyy) | | Date file was created | |
| Redacted | Text | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" |

```
Dated:      November 6, 2025          SO ORDERED.
            New York, New York
```



```
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE
```