UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CROSS FIRE & SECURITY CO., INC. AND
NORTH AMERICAN FIRE HOLDINGS, LLC
D/B/A ALTUS FIRE & LIFE SAFETY,

          Plaintiffs,

     v.

ALAN DOORLY; CHRIS NEIL; AND EMPIRE
FIRE ALARM SPECIALIST CO INC.,

          Defendants.

Civil Action No. 25-cv-04846-KPF

**<u>JOINT PROTECTIVE ORDER</u>**

---

KATHERINE POLK FAILLA, United States District Judge:

  WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential and trade secret documents or information, the public disclosure of which would cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential and trade secret documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

  **IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Any Party who objects to any designation of Discovery Material as Confidential may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 2.C.ii. of this Court's Individual Rules of Practice in Civil Cases, with the understanding that any such letter motion filed any time prior to the trial of this action is relief sought "in a timely fashion" under Rule 2.C.ii.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a)      previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed business plans, product development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual, including PII, as further defined below; or

(e)      any other category of information hereinafter given Confidential status by the Court.

3.      Any producing Party who wishes to designate any Discovery Material, including but not limited to any document or any portion of a deposition transcript, as "Attorneys' Eyes Only" ("AEO") because the material contains information that the designating Party believes in good-faith to be a trade secret or other confidential research, development, or commercial information may serve upon counsel for the receiving Parties a written notice stating with particularity the grounds of the requested designation. If the Parties cannot reach agreement promptly, counsel for the producing Party will raise the dispute to this Court in accordance with Rule 2.C.ii. of this Court's Individual Rules of Practice in Civil Cases. Notwithstanding anything to the contrary anywhere in this Protective Order, all designations of AEO Discovery Material pursuant to any paragraph in this Protective Order shall be subject to this Paragraph 3.

4.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material that is designated as AEO (hereinafter

"AEO Discovery Material") shall not disclose such AEO Discovery Material to anyone else except as expressly permitted hereunder.

5.      With respect to the Confidential or AEO portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Confidential, AEO, or both by: (a) stamping or otherwise clearly marking as Confidential or AEO the protected portion in a manner that will not interfere with legibility or audibility; and (b) if a Party seeks to file any Discovery Material containing Confidential or AEO Discovery Material with the Court, then the filing Party will request that the producing person redact such Confidential or AEO Discovery Material, and within 10 business days of the filing Party's request, the producing person will redact the Confidential or AEO Discovery Material for the filing Party to file, unless such information was redacted at the time of production.

6.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential, AEO, or both either by (a) indicating on the record during the deposition that a question calls for Confidential or AEO Discovery Material, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Confidential or AEO Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated as Confidential. To the extent portions of the deposition transcript are designated as AEO, such portions shall be treated as AEO until otherwise ordered by the Court or agreed upon by the Parties in accordance in Paragraph 3.

7.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material previously produced by the producing person without limitation should be designated as Confidential or AEO Discovery Material, then the producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential or AEO Discovery Material under the terms of this Protective Order.

8.      Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.      Where a producing person has designated Discovery Material as Confidential, other persons subject to this Protective Order shall not disclose such Discovery Material to any other person whomsoever, except to:

        (a)      the Parties to this action, their insurers, and counsel to their insurers;

3

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person or an authorized representative of such entity has first executed a Non-Disclosure Agreement in the form attached hereto;

(d)    any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto or, to the extent a third party providing Discovery Material in this action declines to execute the Non-Disclosure Agreement after a good-faith request from counsel, only as permitted by the Court or agreed upon by the Parties;

(g)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h)    stenographers engaged to transcribe depositions conducted in this action; and

(i)    this Court, including any appellate court, and the court reporters and support personnel for the same.

10.    Before disclosing any Confidential Discovery Material to any person referenced in subparagraphs 9(c), 9(d), 9(f), or 9(g) above, counsel shall provide a copy of this Protective Order to such person or representative for such entity, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person, on behalf of himself or herself or on behalf of the entity he/she represents, has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Notwithstanding the foregoing, if a third party witness referenced in subparagraph 9(f) declines to sign a Non-Disclosure Agreement after a good-faith request from counsel, counsel may disclose Confidential Discovery Material to such person only pursuant to Court direction or as agreed upon by the Parties.

11. Where a producing person has designated Discovery Material as AEO, other persons subject to this Protective Order shall not disclose such AEO Discovery Material or information contained therein to any other person whomsoever, except to:

      (a)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      (b)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

      (c)    any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

      (d)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

      (e)    stenographers engaged to transcribe depositions conducted in this action; and

      (f)    this Court, including any appellate court, and the court reporters and support personnel for the same;

12. Before disclosing any AEO Discovery Material to any person referenced in subparagraphs 11(b), 11(c), or 11(d) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. AEO Discovery Material shall be used only by individuals permitted access to it under Paragraph 11. AEO Discovery Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the person asserting AEO Discovery Material agrees to such use or access (b) the Court orders such use or access.

14. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from

this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

15.     Recipients of Confidential Discovery Material or AEO Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, competitive, personal, or other purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

16.     No Confidential Discovery Material or AEO Discovery Material shall be disclosed by the receiving Party to anyone other than those set forth in Paragraph 9 with respect to Confidential Discovery Material, or set forth in Paragraph 11 with respect to AEO Discovery Material, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Discovery Material and AEO Discovery Material, provided that such advice and opinions shall not reveal the content of such Discovery Material except by prior written agreement of counsel for the Parties, or by Order of the Court.

17.     Nothing herein will prevent any person subject to this Protective Order from producing any Confidential Discovery Material or AEO Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18.     In accordance with Rule 9 of this Court's Individual Rules of Practice in Civil Cases, any Party filing documents under seal must first file with the Court a letter motion explaining the particular reasons for seeking to file such documents under seal. The Parties should be aware that to be approved, any sealing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). There is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

19.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously sealed or designated Confidential.

20.    In filing Confidential Discovery Material or AEO Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or AEO Discovery Material ("Confidential or AEO Court Submission"), the Parties may, without prior Court approval, redact information in accordance with Rule 9.A. of this Court's Individual Rules of Practice in Civil Cases. Except for redactions permitted by Rule 9.A., the Parties shall: (a) publicly file a copy of the Confidential or AEO Court Submission with the proposed redactions via the Electronic Case Filing System ("ECF"), (b) electronically file under seal via ECF an unredacted copy of the Confidential or AEO Court Submission with the proposed redactions highlighted, and (c) serve the opposing party with an unredacted copy of the confidential court submission and file a proof of service of same.

21.    Each person who has access to Discovery Material that has been designated as Confidential or AEO shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22.    Any personally identifying information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure. Notwithstanding the foregoing, nothing shall preclude a producing person from redacting PII information as part of its production.

23.    If, in connection with this litigation, a person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

24.    If a disclosing person makes a claim of inadvertent disclosure, the receiving person shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

25.    Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

26.    The receiving person may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

7

27.     The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any person to request an *in camera* review of the Inadvertently Disclosed Information.

28.     This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material or AEO Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Discovery Material designated Confidential or Attorneys' Eyes Only, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material and AEO Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material and AEO Discovery Material, and all copies thereof, by submitting a written certification to the producing person that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material or AEO Discovery Material.

29.     All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ Alison Sher
Dated: November 13, 2025

Michael J. Garvey
Alison Sher
Nicole A. Palmadesso
SIMPSON THACHER &
BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
mgarvey@stblaw.com
alison.sher@stblaw.com
nicole.palmadesso@stblaw.com

*Counsel for Plaintiffs Cross Fire & Security Co., Inc. and North American Fire Holdings, LLC d/b/a Altus Fire & Life Safety*

/s/ Michael C. Rakower
Dated: November 13, 2025

Michael C. Rakower
Travis J. Mock
Daniel F. Gilpin
RAKOWER LAW PLLC
260 Madison Ave., 15th Fl.
New York, NY 10016
(212) 660-5550
mrakower@rakowerlaw.com
tmock@rakowerlaw.com
dgilpin@rakowerlaw.com

*Counsel for Defendants Alan Doorly, Chris Neil, and Empire Fire Alarm Specialist Co Inc.*

SO ORDERED.

Dated: November 14, 2025
        _____
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge


This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CROSS FIRE & SECURITY CO., INC. AND
NORTH AMERICAN FIRE HOLDINGS, LLC
D/B/A ALTUS FIRE & LIFE SAFETY,

                    Plaintiffs,

        v.

ALAN DOORLY; CHRIS NEIL; AND EMPIRE
FIRE ALARM SPECIALIST CO INC.,

                    Defendants.

Civil Action No. 25-cv-04846-KPF


NON-DISCLOSURE AGREEMENT

---

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated Confidential or Attorneys' Eyes Only ("AEO"). I agree that I will not disclose such Confidential Discovery Material or AEO Discovery Material to anyone except as expressly permitted hereunder, other than for purposes of this litigation, and that at the conclusion of the litigation, I will either return all Confidential Discovery Material and AEO Discovery Material to the person or attorney from whom I received it, or, upon permission of the producing person, destroy such Confidential Discovery Material and AEO Discovery Material. Furthermore, I will certify to having returned or destroyed all Confidential Discovery Material and AEO Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____        _____